## Case No. 4,863.

FLETCHER et al. v. The CUBANA.

[N. Y. Times Jan. 10, 1864.]

District Court, S. D. New York. 1864.

Beebe, Dean & Donohue, for libelants.
Mr. Blatchford, for claimant.

SHIPMAN, District Judge. This libel is filed to recover damages alleged to have been inflicted on the schooner Minerva, at sea, on the morning of June 19, 1860, in a collision with the Spanish steamer Cubana. The schooner is an English vessel, belonging to Nova Scotia. The accident occurred about 4 or 4½ o'clock in the morning, in lat. 25° 48′ N., lon. 62° 18′ W. The schooner was under a very light breeze, and was making but little headway at the time. It was the duty of the steamer to have cleared her, and she is liable for the damages caused by the collision, unless the schooner was in fault. The only serious fault which can be charged upon her is that charged in the pleadings, and evidence of the omission to show a light. The question of her duty on this point turns upon the fact whether or not it was dark at the time. The libelant's witnesses insist that it was not, while those on behalf of the steamer assert the contrary. Two witnesses from this city have been called, who swear that they are acquainted with the navigation of the ocean in the vicinity of the place of this collision, and they state that at that season of the year it must have been broad daylight at the time the vessels collided. The court has had some hesitation in accepting this statement, as it is in conflict with the commonly received opinion of geographers and navigators touching the length of time which dawn precedes the morning and twilight follows the setting sun. But as the testimony is positive, and the witnesses say they have personally witnessed the state of the atmosphere in that region and at that season of the year and time of day, the court must accept their testimony as confirming that of those on board the schooner. The mate of the Cubana also says that he saw something on his leebow, a short time previous to the collision, his attention having been attracted to it by a cry from his lookout. He states that it was indistinct, and appeared like a sail. He soon recognized it to be a schooner, then half a mile or a mile off. He immediately changed his course and ordered the steamer to be stopped. He should have stopped her at once, on discovering indistinctly what proved to be the schooner, instead of waiting till she emerged fully into view. This was the only safe course, and would have probably averted the collision. If the evidence had satisfied the court that it was sufficiently dark to have rendered a light on board the schooner available in disclosing her to the steamer at an earlier moment, the court would have apportioned the damage. But though the evidence is not as satisfactory as could be wished on this question, the court is constrained on the whole, to conclude that it was so light that a lantern displayed on the schooner would not have led to her earlier discovery by the steamer. Decree for the libelants, with a referee to compute the damages.